Filed
3/16/2016 10:09:23 AM
Esther Degollado
District Clerk
Webb District
Gloria Noriega
2016CVT000708D1

CAUSE NO.: ___________

| | | |
|---|---|---|
| RAMON ROEL BENAVIDES<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | _______ JUDICIAL DISTRICT |
| SCOTT THOMAS CLARK, SR. SCHNEIDER NATIONAL CARRIERS, INC. AND SCHNEIDER BULK CARRIERS, INC. | §<br>§<br>§<br>§ | WEBB COUNTY, TEXAS |

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **RAMON ROEL BENAVIDES,** Plaintiff in the above styled and numbered cause, and files this his **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE,** complaining of Defendants, **SCOTT THOMAS CLARK, SR. ("CLARK"), SCHNEIDER NATIONAL, INC. ("SCHNEIDER") AND SCHNEIDER BULK CARRIERS, INC. ("SCHNEIDER BULK")** and for cause of action would respectfully show unto the Court as follows:

I.
DISCOVERY

Plaintiff intends to conduct discovery in this matter under a Level Three (3) discovery pursuant to Tex. R. Civ. P. 190.4.

II.
PARTIES

1. Plaintiff, RAMON ROEL BENAVIDES, is an individual who is a resident of Texas and who resides in Zapata County, Texas.

2. Defendant, SCOTT THOMAS CLARK, SR., is an individual who is a resident of Arizona and may be served with citation and process through his last known address, 2255 W. Orange Grove Road, Apt# 15202, Tucson, Arizona 85741 by certified mail.

3. Defendant, SCHNEIDER NATIONAL CARRIERS, INC., is a corporation operating under the laws of the State of Texas, who may be served with citation and process by certified mail through its registered agent, CT CORPORATION SYSTEM at, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

4. Defendant, SCHNEIDER NATIONAL BULK CARRIERS, INC., is a corporation operating under the laws of the State of Texas, who may be served with citation and process by certified mail through its registered agent, CT CORPORATION SYSTEM at, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

## III. JURISDICTION AND VENUE

5. The subject matter in controversy within the jurisdictional limits of this court.

6. This court has jurisdiction over the parties because the accident occurred in Webb County.

## IV. FACTUAL BACKGROUND

7. The accident occurred on or about May 8, 2014 in Webb County, Texas.

8. Plaintiff was traveling north on IH 35 west lane. Defendant CLARK was traveling north on IH 35 east lane. Defendant CLARK crashed rear ended Plaintiff's vehicle. Plaintiff came to a rest on the west shoulder facing north on IH 35. As a result of the accident, Plaintiff suffered serious injuries to his body.

## V. CAUSES OF ACTION

9. At the time and on the occasion in question and immediately prior thereto, Defendant CLARK while operating the said vehicle was negligent and negligent *per se*, in various acts and omissions, including the following, some or all of which proximately caused the event in question:

a. Failing to keep a proper lookout;

b. Failing to yield the right-of-way;

c. Operating a vehicle in a careless manner;

d. Failing to turn his vehicle to the right or left to avoid the collision in question;

e. Failing to timely apply the brakes to his vehicle in order to avoid a collision;

f. Failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances in direct violation of the TEXAS TRANSP. CODE ANN. §§ 545.206, 545.417;

g. Failing to apply the brakes to his vehicle in order to avoid the collision in question;

h. Failure to obey roadway pavement markings regulating the speed and movement of traffic in violation of §TEX. TRANSP. CODE ANN. §§ 544.004, 545.060; and

10. Furthermore, the conduct of Defendant **CLARK** violated various state and local laws by operating his vehicle in a careless and reckless manner. These sections create a standard of conduct, and Defendant's conduct represents an unexcused violation of these standards. Plaintiff belongs to the class of persons which these statutes or regulations were meant to protect. Violation of these standards results in criminal or civil penalties and constitutes *negligence per se* as that term is defined in Texas law.

11. The acts and omissions of Defendant were a proximate cause of the event in question, and when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which the actor had actual subject awareness of the risk involved, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others. These acts and omissions amount to *gross negligence* as that term is defined by law, and was a proximate cause of the occurrence in question and Plaintiff's injuries and damages.

12. Plaintiff would assert that Defendant **SCHNEIDER and/or SCHNEIDER BULK** was negligent in its selection, supervision and retaining of Defendant **CLARK**. At the time of the occurrence of the act in question and immediately prior thereto, Defendants owed the Plaintiff a duty to hire, supervise, train or retain competent employees. The employer, Defendants breached that duty. The breach proximately caused the Plaintiff's serious injuries.

13. Said Defendant, **SCHNEIDER and/or SCHNEIDER BULK** owed an obligation to insure that Defendant **CLARK** was operating in a safe manner. However, this Defendant breached such duty. As a proximate result, Plaintiff suffered severe injuries.

14. Whenever in this petition it is alleged that any Defendant did any act or thing, it is meant that Defendant, itself or its agents, officers, servants, employees, or representatives did such act or thing, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

Moreover, Defendants CLARK, SCHNEIDER and SCHNEIDER BULK were engaged in a joint enterprise, joint venture, or single business enterprise and are also subject to the principals of vice-principal liability with regard to the collision at issue. At the time of the collision Defendant CLARK was operating a tractor-trailer while in the course and scope of his employment with Defendant SCHNEIDER and SCHNEIDER BULK.

VI.
RESPONDEAT SUPERIOR AGAINST DEFENDANT(S)
SCHNEIDER NATIONAL CARRIERS, INC. AND/OR SCHNEIDER BULK CARRIERS, INC.

15. At the time of the occurrence of the act in question and immediately prior thereto, Defendant's employee, CLARK, was within the course and scope of employment for Defendant and as such is vicariously liable.

16. At the time of the occurrence of the act in question and immediately prior thereto, CLARK was engaged in the furtherance of Defendant's business and as such is vicariously liable.

17. At the time of the occurrence of the act in question and immediately prior thereto, SCHNEIDER AND/OR SCHNEIDER BULK were engaged in accomplishing a task for which CLARK was employed.

18. Plaintiff invokes the doctrine of Respondeat Superior against Defendants and as such are vicariously liable.

VII.
DAMAGES

19. As a result of the incident described above, Plaintiff has suffered severe personal injuries including physical pain, mental anguish, permanent bodily impairment, and physical disfigurement and will, with reasonable probability, continue to do so in the future by reason of the nature and severity of his injuries. Plaintiff has incurred medical expenses and lost wages Plaintiff seeks monetary relief not more than $74,999.00. Tex. R. Civ. P. 47(c)(3), including damages of any kind, penalties, court costs, expenses, pre-judgment interest, and attorney fees.

VIII.
AFFIRMATIVE PLEAS

20. Plaintiff hereby demands that Defendants liability and the amount of damages be determined

by a jury of their peers.

21. This case is not removable to Federal Court.

22. Plaintiff is also entitled to pre-judgment and post-judgment interest at the maximum rate as permitted by law. Plaintiff is also entitled to all court costs.

## IX.
## REQUEST FOR DISCLOSURE

23. Pursuant to Rules 194 of the Texas Rules of Civil Procedure, Defendants are hereby requested to disclose to Plaintiff, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

## X.
## PRODUCTION OF DOCUMENTS

24. The production of documents pursuant to Texas Rule of Civil Procedure 193.7 shall be considered as self-authenticating.

## XI.
## PRAYER

25. WHEREFORE, Plaintiff prays that on final trial, Plaintiff has judgment against Defendants, jointly and severally, in a sum in excess of the minimal jurisdictional limits of the Court, plus pre-judgment and post-judgment interest at the maximum rate as permitted by law, costs of Court, and such other and further relief to which Plaintiff may show himself justly entitled. Plaintiff requests that Defendants be cited to appear and answer, and that on final trial Plaintiff have:

1. Judgment against Defendants for a sum in excess of the minimum jurisdictional limits of the Court, with interest at the legal rate from May 8, 2014, until judgment;
2. Interest after judgment at the legal rate per year until paid;
3. Cost of suit; and
4. Such other and further relief to which Plaintiff may show himself justly entitled.

PLAINTIFFS HEREBY DEMAND A JURY TRIAL. JURY FEE IS PAID.

Respectfully submitted,

**HERNANDEZ LAW FIRM, P.C.**
4841 S. Jackson Road
Edinburg, Texas 78539
Telephone: (956) 369-4480
Facsimile: (979) 822-6001

Daniel M.L. Hernandez
State Bar No. 24034479
Daniel R. Hernandez
State Bar No. 09515690
efiling@hdzfirm.com
**ATTORNEYS FOR PLAINTIFF**

DISTRICT COURT OF WEBB COUNTY, TEXAS

A True copy of the original, I certify
the 4th day of May 20 16
ESTHER DEGOLLADO
Clerk of the District Courts and
County Courts at Law Webb County, Texas
By ____________ Deputy